FILED _____     RECEIVED _____
ENTERED _____   SERVED ON _____
                COUNSEL/PARTIES OF RECORD

JAN 23, 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

ALBERT B. SAMBAT (CABN 236472)
CHRISTOPHER J. CARLBERG (CABN 269242)
MIKAL J. CONDON (CABN 229208)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 941092
Tel: 415.934.5300 /Fax: 415.934.5399
albert.sambat@usdoj.gov

JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
ERIC C. SCHMALE
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336 / Fax: 702.388.6418
eric.schmale@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:21-cr-00098-RFB-BNW |
| Plaintiff, | |
| v. | **PRETRIAL DIVERSION AGREEMENT** |
| RYAN HEE, | |
| Defendant. | |

You, Ryan Hee, have been charged in a Criminal Indictment filed on March 30, 2021 in the United States District Court for the District of Nevada with Conspiracy in Restraint of Trade in violation of the Sherman Act, 15 U.S.C. § 1.  The Indictment alleges that beginning in or around October 2016 and continuing to at least in or around July 2017, the exact dates being unknown to the Grand Jury, in the District of Nevada and elsewhere, Defendant Hee and others known and unknown to the Grand Jury, knowingly entered into and engaged in a conspiracy to suppress and eliminate competition for the services of nurses by agreeing to allocate nurses and to fix the wages of those nurses.  The combination and conspiracy engaged in by Defendant Hee and his co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

The charged conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and his co-conspirators, the substantial terms of which were that Advantage On Call, LLC ("AOC") and Company A would allocate nurse employees by not recruiting or hiring each other's nurses assigned to the Clark County School District ("CCSD") and would refrain from raising the wages of those nurses.

**STATEMENT OF FACTS**

1. For purposes of this Pretrial Diversion Agreement, the "relevant period" is that period beginning in or around October 21, 2016 and continuing in or around July 2017.  During the relevant period, Defendant Hee was a United States citizen, residing in Las Vegas, Nevada, and was employed as a Regional Manager by AOC in its Las Vegas office, and was responsible for managing the office's hiring of nurses and developing new customers that needed nurse staffing services in Nevada, Arizona, and Utah.

2. During the relevant period, Defendant Hee participated in a conspiracy with another contract healthcare staffing firm to suppress and eliminate competition for the services of

nurses by agreeing to allocate nurses and fix the wages of those nurses.  In furtherance of the conspiracy, Defendant Hee engaged in a conversation and an email communication with a competitor.  During this conversation and email communication, which both occurred on October 21, 2016, an agreement was reached to (1) allocate nurses between AOC and the competitor by not recruiting or hiring each other's nurses, and (2) fix the wages of those nurses by refraining from raising wages of those nurses.

3. During the relevant period, the business activities of AOC and its co-conspirator that are the subject of the Indictment were within the flow of interstate trade and commerce.  The payments made to and from AOC for the services rendered by its nurses traveled in interstate trade and commerce.  The payments that CCSD made to AOC for the services rendered by its employee nurses included federal funding from Medicaid.

4. The conspiratorial conversation and communication described above occurred in the District of Nevada.

Having accepted responsibility for your behavior and by your signature on this Agreement, it appearing after an investigation of the offense and your background, that the interests of the United States and your own interests and the interests of justice will be served by the following procedure, on the authority of the Attorney General of the United States, by Jason M. Frierson, United States Attorney for the District of Nevada, and the United States Department of Justice, Antitrust Division, prosecution in this District for these offenses shall be deferred for a period of 6 months from the date that this agreement is accepted by the Court, provided you abide by the following conditions and requirements of this Agreement as set forth hereafter.

Should you violate the conditions of this Agreement, the United States Attorney and the Antitrust Division may revoke or modify any conditions of this Pretrial Diversion Program or change the period of supervision.  The United States Attorney and the Antitrust Division may

release you from supervision at any time.  The United States Attorney and the Antitrust Division may at any time within the period of your supervision initiate prosecution for the offense should you violate the conditions of this Agreement.  In such an event, your statement accepting responsibility in this matter may be used against you.  In this case, they will furnish you with notice specifying the conditions of the Agreement which you have violated.

        After successfully completing your Pretrial Diversion Program and fulfilling all the terms and conditions of the Agreement, the charges against you previously set forth will be dismissed.

**GENERAL CONDITIONS OF PRETRIAL DIVERSION**

1. You shall not violate any law (federal, state, or local).  You shall immediately contact your Pretrial Diversion Program supervisor if arrested and/or questioned by any law enforcement officer.

2. You shall attend school or work regularly at a lawful occupation or otherwise comply with the terms or the special program described hereinafter.  If you lose your job or are unable to attend school, you shall notify your Pretrial Diversion Program supervisor at once.  You shall consult them prior to job or school changes.

3. You shall continue to reside in the District of Nevada.  If you intend to move out of the district, you shall inform your supervisor so an appropriate transfer of program responsibility can be made.

4. You shall report to your supervisor as directed and keep them informed of your whereabouts.  You shall truthfully answer any inquiries from and follow the instructions of Pretrial Services.

5. You shall not possess a firearm, destructive device, or other dangerous weapons while on Diversion.

6. You shall refrain from the use or possession of controlled substances.

7. You shall refrain from the excessive use of alcohol.

8. You shall follow the program and such special conditions as may be described below.

### SPECIAL CONDITIONS

9. You shall report to U.S. Pretrial Services for supervision.

10. You shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.

11. You shall not obtain a passport or passport card.

12. You shall abide by the following restrictions on personal association, place of abode, or travel: Travel is restricted to the Continental United States of America.

13. You shall perform 180 hours of community service in the healthcare or education field. The government does not object to counting the community hours accrued effective September 12, 2022. If the Court deems it appropriate to impose an effective date different than the one in this Agreement, the defendant must still perform the 180 hours of community service in the healthcare or education field within the 6-month term of supervision beginning on the effective date ordered by the Court.

### ACKNOWLEDGEMENT

I, Ryan Hee, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I am also aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. I hereby request that the United States Attorney for the District of Nevada and the U.S. Department of Justice, Antitrust Division defer such prosecution.

Pursuant to 18 U.S.C. 3161(h)(2), I agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution or trial, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement.

I hereby state that I have read the above and it has been explained to me in my native language. I understand the conditions of my Pretrial Diversion Program and agree that I will comply with them.

_____  11/14/22
RYAN HEE, Defendant              DATE

_____  11/14/22
RICHARD A. WRIGHT                DATE
SUNETHRA MURALIDHARA
Counsel for Defendant Ryan Hee

_____  11/14/22
ALBERT B. SAMBAT                 DATE
CHRISTOPHER J. CARLBERG
MIKAL J. CONDON
Trial Attorneys
U.S. Department of Justice, Antitrust Division

_____  11/15/22
ERIC C. SCHMALE                  DATE
Assistant United States Attorney

_____  11/16/22
ANGELA LOVELESS                  DATE
U.S. Pretrial Services Officer

6